# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GRACE A. PETASHNICK,
        Plaintiff,

v.                                     Case No. 07c0019

AIRTRAN AIRWAYS,
CANNON & DUNPHY, and
GLOBAL AEROSPACE,
        Defendants.

## DECISION AND ORDER

On January 5, 2006, Grace A. Petashnick, proceeding pro se, filed this action against Airtran Airways, Cannon & Dunphy and Global Aerospace, alleging that she fell on a jetway at the Milwaukee airport and injured herself due in part to the actions of an Airtran employee. Plaintiff further alleges that she employed Cannon & Dunphy to represent her in this matter, but that the firm withdrew its representation of her three months prior to the statute of limitations running on her claim (which she alleges will occur on Jan. 25, 2006).

Federal courts are courts of limited jurisdiction, and I must sua sponte examine newly-filed complaints to ensure that they allege federal jurisdiction. See Chase v. Shop n' Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997) (plaintiff has burden of demonstrating that jurisdictional requirements are met); Wisconsin Knife Works v. National Metal Crafter, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged"). Jurisdiction in a federal court can be premised on a federal question or on diversity of

1

citizenship among the parties.  28 U.S.C. §§ 1331 and 1332.  Federal question jurisdiction exists over cases "arising under the Constitution, laws, or treaties of the United States." § 1331.  Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000.  § 1332.  Diversity jurisdiction requires "complete diversity," that is, no plaintiff can be a citizen of the same state as any defendant.  Matchett v. Wold, 818 F.2d 574, 575 (7th Cir. 1987).  A corporate defendant is considered to be a citizen of the state where it is incorporated and the state where it maintains its principal place of business.  § 1332(c).

Plaintiff's complaint does not establish federal question jurisdiction, as there is no federal law that would provide plaintiff with a claim against defendant under the facts she alleges.  Further, plaintiff's complaint does not establish diversity jurisdiction, as her complaint alleges that at least one defendant – Cannon & Dunphy – is a resident of the State of Wisconsin, and it has not alleged that the amount in controversy exceeds $75,000.  As such, I lack subject matter jurisdiction over this case.

In closing, I note that I am not judging the merits of plaintiff's claims.  Though this case is not appropriate for federal court, plaintiff is free to seek relief in state court.

**Therefore,**

**IT IS ORDERED** that this case is **DISMISSED FOR LACK OF JURISDICTION**.

Dated at Milwaukee, Wisconsin, this 10 day of January, 2007.

/s_____
LYNN ADELMAN
District Judge

2